IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BENJAMIN DAVIS, *pro se*,          *

    Plaintiff,                *

        v.                      *     CIVIL NO.: WDQ-08-3106

NANCY ROUSE, *et al.*,             *

    Defendants.               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM

    Benjamin Davis, *pro se*, sued Warden Nancy Rouse and Correctional Officer Joseph Harsh for civil rights violations under 42 U.S.C. § 1983. On December 3, 2009, the Court granted summary judgment to Rouse and Harsh. Davis moved to vacate the judgment under Rule 60(b) on December 11, 2009 and then docketed an appeal from the judgment on December 22, 2009. In light of the Supreme Court's February 22, 2010 decision in *Wilkins v. Gaddy*, 559 U.S. __ , Slip Op. No. 08-10914 (Feb. 22, 2010) and new evidence submitted by Davis, the Court would be inclined to grant Davis's Rule 60(b) motion. The Court may not do so while the case is on appeal, but Davis may move the Fourth Circuit for a limited remand so that this Court may rule on his motion. *See*

1

Fed. R. App. P. 12.1; *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999).[1]

| | |
|---|---|
| March 10, 2010 | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[1] "[W]hen a district court is inclined to grant a Rule 60(b) motion during the pendency of an appeal . . . the district court [should] indicate its inclination to grant the motion in writing; a litigant, armed with this positive signal from the district court, can then seek limited remand from the appellate court to permit the district court to grant the Rule 60(b) motion." *Fobian*, 164 F.3d at 891.

2