**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BENJAMIN DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. WDQ-08-3106 |
| NANCY ROUSE, *et al.*, | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

This Memorandum addresses Plaintiff's Motion to Compel Identification of Persons with Knowledge and Discoverable Information [ECF No. 120], and Plaintiff's Motion to Compel Correspondence to and from Public Officials [ECF No. 116]. I am extensively familiar with this matter, which has been referred to me to adjudicate all motions raised in what has become an extremely contentious discovery process. I have reviewed the submissions relating to the instant motions, and held telephonic conferences on February 2, 2012 and February 7, 2012. I also reviewed follow-up correspondence from the parties [ECF Nos. 127, 128, 129, 130]. For the reasons stated herein, Plaintiff's Motion to Compel Identification of Persons with Knowledge and Discoverable Information is GRANTED in part and DENIED in part. Plaintiff's Motion to Compel Correspondence to and from Public Officials is DENIED.

**Motion to Compel Identification of Persons with Knowledge and Discoverable Information**

Plaintiff's objection relates to the adequacy of Defendants' responses to certain Interrogatories served on December 9, 2010. Specifically, Interrogatory Nos. 9 and 10 to

Warden Rouse, Interrogatory No. 10 to Secretary Maynard, and Interrogatory Nos. 11 and 13 to Lt. Harsh ("the enumerated interrogatories") asked the Defendants to identify persons with personal knowledge or discoverable information relating to the matters at issue in the case. Plaintiff defined "identify" by requiring Defendants to "state the person's full name, present or last known home address and telephone number, and present or last known business address and telephone number." Following some consultation and agreed extensions between the parties, Defendants served supplemental answers to those interrogatories on April 13, 2011. On April 29, 2011, Plaintiff served a Third Motion to Compel Discovery on Defendants, which requested, among other things, more complete responses to the enumerated interrogatories. Defendants responded to that Motion to Compel on May 13, 2011, and the parties conferred and resolved some of the issues that had been raised.

More than seven months later, on December 22, 2011, Plaintiff wrote to Defendant and again requested further responses to the enumerated interrogatories. In that letter, Plaintiff demanded certain responses "by 12:00 noon on December 27, 2011" and stated that "if full and complete responses to the [enumerated interrogatories] are not provided by 5:00 p.m. on December 30, 2011, Plaintiff will bring an appropriate motion." [ECF No. 120-1, Exh. 4]. Without even waiting until 5:00 p.m. on December 30, 2011, Plaintiff served a motion to compel on December 29, 2011. [ECF No. 120-1 at 22]. That motion is currently one of several discovery motions pending before this Court.

Without question, Defendants did not answer the enumerated interrogatories in the manner directed by the instructions. Defendants did not provide a list of persons at any time, and instead provided a narrative and a series of documents containing names of more than eighty individuals with knowledge. During the telephonic hearing regarding this motion and in

subsequent correspondence from Defendants' counsel, it has become evident that there is no complete list identifying individuals with personal knowledge or discoverable information. By virtue of the interrogatories, Plaintiff is entitled to such a list, and is further entitled to supplementation of that list as required if circumstances change prior to the close of discovery. Within **fourteen (14) days of the date of this order**, Defendants are directed to provide complete lists of the names and the requested identifying information for all persons responsive to the enumerated interrogatories, along with either a brief summary of the facts known by each individual or a reference to a particular document containing a brief summary of the facts known by each individual. However, if the appropriate contact information for a particular individual is the Roxbury Correctional Institution, no additional contact information need be provided. If any individual is not included on the lists, or on a supplemental answer to the interrogatories submitted in a timely fashion, Defendants will not be permitted to call that individual as a witness at trial or to submit an affidavit from that individual in support of dispositive motions.

     The other remedies sought by Plaintiff, however, are inappropriate. Plaintiff's motion appears to have been motivated in part by the depositions of Corrections Officer Brumage and Lieutenant Gonzales, each of whom referenced a group of unknown individuals during their testimony. There is no evidence that Defendants have any knowledge of the identities of the individuals mentioned by Corrections Officer Brumage and Lieutenant Gonzales. There is no evidence that Defendants have concealed any identities or any contact information of prospective witnesses. By virtue of timely providing reports and other documents to Plaintiff, Defendants effectively provided the names of known individuals who may have relevant knowledge, and Defendants have been responsive in providing contact information when requested. In fact, in totality, those documents provide the same information that is likely to be provided on the list to

be submitted by Defendants in response to this order. Limiting Defendants to witnesses specifically identified in the current versions of their answers to the enumerated interrogatories would be elevating form over substance in a manner that is unfair, particularly where discovery is ongoing and supplementation is still permissible.

In addition, the parties collectively addressed the deficiencies with respect to the enumerated interrogatories in May of 2011, when just under one year remained before the discovery deadline. Despite what appears to be his continued belief that Defendants' responses were inadequate, Plaintiff waited approximately seven months to inform Defendants of his continued dissatisfaction and to demand a full response.[1] Plaintiff then served a motion to compel even before the deadline that Plaintiff had unilaterally imposed for Defendants to respond to his letter.

Clearly, had this issue been addressed in the summer of 2011 instead of early 2012, fewer depositions would have taken place and supplemental answers could have been provided on a more frequent and regular basis. It would be unfair to penalize Defendants for Plaintiff's delay in raising this issue with the Court, which violated Discovery Guideline 1.f of the Local Rules of this Court. Moreover, Plaintiff's handling of the issue in December of 2011 also falls short of the requirements of cooperation and civility described in the Discovery Guidelines of the Local Rules. *See* Guidelines 1.a, 1.d, 1.f. The Discovery Guidelines have been cited repeatedly to the

---

[1] A repeated theme in the multitude of motions filed with this Court is Plaintiff's insistence on prompt action by the Defendants during the holiday season. As Defendants have noted in several filings, state offices were closed on various dates during that time frame, and Defendants' counsel, like many people, was out of the office for some period of time. Acting with cooperation and civility includes making allowances for reasonable boundaries between opposing counsel's professional responsibilities and personal life. Setting quick, unilateral, and inflexible deadlines during the last week in December does not constitute the type of cooperative effort envisioned in the Guidelines.

parties in this case, and the parties are once again ORDERED to review those guidelines and to attempt to abide by them.

For those reasons, although Plaintiff's motion is granted in part as described above, given Plaintiff's conduct in December 2011, there is some question as to whether "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. Proc. 37(a)(5)(A)(i).  In any event, the violations of the Discovery Guidelines by Plaintiff described above make an award of expenses unjust.  *See* Fed. R. Civ. Proc. 37(a)(5)(A)(iii).

**Motion to Compel Correspondence to and from Public Officials**

Plaintiff's motion asks this Court to order Defendants to produce all correspondence received from or directed to Congressman Elijah Cummings and the Governor regarding Plaintiff Benjamin Davis.  At the telephonic hearing in this matter, Defendants detailed the steps they had taken to attempt to locate and produce responsive documents.  Despite Defendants' efforts, some of the documentation could not be found within Defendants' possession, custody, or control.  On their own initiative, Defendants had contacted the Governor's office and requested any responsive materials maintained by that office.  At the Court's request, Defendants also contacted Congressman Cummings's office and made the same request.  Responsive documentation from both entities has now been provided to Plaintiff.

There is no evidence that Defendants were less than diligent in attempting to respond to Plaintiff's request, and there is no evidence of spoliation of evidence.  For those reasons, and because Plaintiff has now received the documentation from alternative sources with Defendants' assistance, Plaintiff's motion to compel is DENIED.

Dated: <u>February 13, 2012</u>                                                  <u>          /s/                              </u>
                                                                                                    Stephanie A. Gallagher
                                                                                                    United States Magistrate Judge