**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 13, 2012

LETTER TO COUNSEL

      RE:    <u>Benjamin Davis v. Nancy Rouse, et al.</u>, Civil No. WDQ-08-3106

Dear Counsel:

      I have considered Plaintiff Benjamin Davis's Motion for Ten (10) Additional Depositions [ECF No. 140], his Supplemental Memorandum requesting two additional depositions [ECF No. 150], and the opposition and reply thereto [ECF Nos. 155 and 159]. For the reasons set forth below, the motion will be GRANTED in part and DENIED in part, and Plaintiff will be granted leave to take five (5) depositions in addition to the thirty (30) he has already been allowed by Rule and stipulation.

      Plaintiff initially had leave to schedule ten (10) depositions as provided by Fed. R. Civ. P. 30(a). On December 15, 2011, the parties filed an agreed stipulation permitting Plaintiff to take an additional ten (10) depositions, for a total of twenty (20). [ECF No. 94]. On January 10, 2012, the parties filed a second agreed stipulation permitting Plaintiff to take an additional ten (10) depositions, for a total of thirty (30). [ECF No. 105]. On February 15, 2012, Plaintiff's counsel sought a third stipulation allowing an additional ten (10) depositions, for a total of forty (40). Pl. Mem. at 7. This time, Defendants' counsel objected. Plaintiff filed the instant motion and a subsequent supplement requesting an additional two (2) depositions, for a total of forty-two (42).

      The Federal Rules of Civil Procedure charge this Court with ensuring that discovery is conducted in a reasonable and efficient fashion. In fact, Fed. R. Civ. P. 26(b)(2)(C)(ii) requires this Court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The Guidelines to the Local Rules also contain guidance on this issue. Previously, this Court has directed the parties to review Guideline 1a, which specifies that discovery must be "proportional to what is at issue in a case, and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought."

      In this relatively uncomplicated case, by agreement of the parties, Plaintiff was granted three times the number of depositions typically afforded to civil litigants. Plaintiff made his own decisions about how to allocate those thirty depositions. In a recent filing, Plaintiff acknowledged the following regarding his use of depositions in this case:

*Benjamin Davis v. Nancy Rouse, et al*.
Civil No. WDQ-08-3106
March 13, 2012
Page 2

> Moreover, Plaintiff, without knowing who might have knowledge of the facts at issue, has been sent on the proverbial wild goose chase, having to conduct numerous and costly depositions just to determine information that should have been provided in response to the interrogatories . . . Without even the benefit of a list of persons with personal knowledge of the incident on September 8, 2008, Plaintiff has been forced to depose everyone assigned to the housing unit on that day in an attempt to learn who was involved and what happened.

Pl. Mot. to Compel Identification of Persons with Knowledge at 4-5.  Inexplicably, Plaintiff took those "numerous and costly depositions" prior to filing his motion to compel identification of the persons with knowledge (a motion that this Court eventually granted in part).  Moreover, Plaintiff waited seven months from the time he received the deficient discovery responses before filing the motion to compel.  Plaintiff's conduct of discovery therefore has not exemplified the "just, speedy, and inexpensive conduct of discovery" contemplated by the Guidelines and the Local Rules.

Despite the enormous number of depositions already conducted, and the questionable allocation of deposition resources to date, the recent provision of Defendants' list of persons with knowledge in response to this Court's order entitles Plaintiff to some accommodation regarding additional depositions. With respect to the ten (10) additional depositions requested in Plaintiff's Motion, this Court will allow one-half of the requested depositions, or five (5) additional depositions.[1]

The information provided about the conduct of Plaintiff's counsel in discovery was not relevant in this Court's consideration of the pending motion.  However, this Court is gravely concerned about some of the deposition excerpts it reviewed and some of the representations made by Defendants' counsel regarding the approach Plaintiff's counsel has taken during discovery conferences.  The requirement that attorneys confer regarding discovery issues requires more than a *pro forma* telephone call devoid of intent to substantively discuss or negotiate the pending disputes.  Moreover, calling another attorney's objection "silly" and suggesting that 4:59 is "probably past [another attorney's] usual hour of departure" is not the type of courteous and professional conduct expected of attorneys who practice in this Court.  Counsel are once again ordered to review the Discovery Guidelines of this Court, and are ordered to abide by those Guidelines in all future discovery in this case.  In addition, this Court orders that all future in-person or telephonic conferences between counsel in this case pertaining to discovery issues be audio-recorded or transcribed. These audio recordings or transcriptions shall be provided to this Court upon request.  Any cost associated with recording or transcription is to be shared equally by Plaintiff and Defendants.

---

[1] In his Supplemental Memorandum, Plaintiff requests leave to depose two individuals who supplied declarations in connection with Defendants' Opposition to Plaintiff's Motion for Discovery Sanctions.  Those two depositions are simply not necessary.  The Court will rule on the Motion for Discovery Sanctions on the basis of the already-completed briefing, and therefore the Court disregards the request for the two additional depositions.

*Benjamin Davis v. Nancy Rouse, et al.*
Civil No. WDQ-08-3106
March 13, 2012
Page 3

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge