IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BENJAMIN DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. WDQ-08-cv-3106 |
|  | * | |
| NANCY ROUSE, *et al.*, | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case has been referred to me for resolution of discovery disputes. [ECF No. 64]. I have reviewed Plaintiff's Motion for Allowance of Attorneys' Fees and Expenses, [ECF No. 223], and the opposition and reply thereto. For the reasons stated below, I award sanctions against Defendants in the form of attorneys' fees in the amount of $28,042.22.

**I.  Background**

On May 31, 2011, I issued an order requiring Defendants to produce certain emails. [ECF No. 76]. In response, Defendants produced more than 61,000 pages of emails to Plaintiff in June, 2011. After conducting a review of those 61,000 pages, Plaintiff contested the adequacy of the production in a Motion for Discovery Sanctions for Spoliation of Emails. [ECF No. 92]. In Defendants' opposition to that motion, [ECF No. 122], Defendants conceded that their outside contractor, IKON, could not explain how the search resulting in the June, 2011 production had been conducted. As a result, Defendants asked IKON to re-run the search. The resulting February, 2012 production, which should have been identical to the June, 2011 production, consisted of only 11,411 pages. On May 7, 2012, I issued a memorandum and order

finding that Defendants' June, 2011 production had violated my May 31, 2011 order. [ECF No. 204].

I found that Defendants' actions had caused Plaintiff's counsel to review a large production of emails containing many nonresponsive documents. *Id.* Defendants were unable to provide an adequate explanation for the overbroad production. Moreover, Defendants' counsel had failed to either investigate or remedy the overbroad production until Plaintiff filed and litigated his motion. In imposing sanctions for Defendants' violation of my May 31, 2011 order under Fed. R. Civ. P. 37(b)(2), I stated:

> Counsel for Plaintiff is entitled to recover reasonable attorneys' fees and costs for [reviewing the overbroad production]. *See* Fed. R. Civ. Proc. 37(b(2)(C) (authorizing this Court to order payment of reasonable expenses, including attorneys' fees, caused by a failure to comply). Counsel for Plaintiff is also entitled to recover some proportional and reasonable attorneys' fees and costs for litigating the instant motion.

[ECF No. 204 at 18]. To allow for an appropriate calculation of sanctions, I ordered:

> Counsel for Plaintiff . . . to submit, within 30 days of the date of this order, a statement of reasonable attorneys' fees and costs for consideration by the Court, which should comply with Appendix B of the Local Rules of this Court. That statement of fees and costs should include entries for review of the June, 2011 production resulting from the first IKON search. It should also include entries relating to the preparation and litigation of the instant motion, with a suggestion of an appropriate proportional recovery pertaining to the latter category of entries.

*Id.* I further stated that Defendants would have an opportunity to respond to the statement of reasonable attorneys' fees and costs. *Id.*

On June 6, 2012, Plaintiff submitted a thirty-two page Motion for Allowance of Attorneys' Fees and Expenses. [ECF No. 223]. Plaintiff attached exhibits including billing statements and a declaration from one of the billing attorneys. *Id.* Plaintiff sought $172,107.70 in attorneys' fees for more than 500 hours of legal work. *Id.* at ¶¶ 32, 35. Plaintiff did not seek compensation for his attorneys' legal research expenses or other expenses. *Id.* at ¶31.

Defendants filed an opposition on July 5, 2012, arguing that Plaintiff's "outrageously excessive fee petition" warranted a total denial of fees. [ECF No. 242 at 2]. Plaintiff filed a reply on July 20, 2012, in which he reduced his fee demand to $166,011.22. [ECF No. 251].

## II.   Analysis

I have already determined that sanctions are appropriate for the Defendants' violation of my May 31, 2011 order. The sanctions award is intended to compensate Plaintiff for (1) the review of the overbroad June, 2011 production, and (2) the preparation and litigation of the relevant portion of the Motion for Discovery Sanctions for Spoliation of Emails, [ECF No. 92]. The instant fee petition, opposition, and reply reflect that both parties have misconstrued the basis and extent of my order of sanctions.

First, Defendants contend that no fee award is appropriate. This contention lacks merit. I must require Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37(b)(2)(C). Defendants have not met their burden to demonstrate either that their failure to comply with my order was substantially justified or that other circumstances make an award of fees or expenses unjust. *See id.*

In addressing the amount of an appropriate award, Defendants cite multiple cases discussing the award of attorneys' fees at the conclusion of litigation. *See, e.g.* Def. Opp. at 1, 2, 3, 6-8. The rationale in those cases is inapplicable in this context. The extent of a plaintiff's success and the relationship of the fee award to the eventual outcome of the litigation are appropriate considerations when granting a fee award to a prevailing party. *See, e.g., SunTrust Bank v. Nik*, 2012 WL 1344390 at *3 (E.D. Va. March 22, 2012) (noting that factors such as the amount in controversy and the results obtained are "not particularly applicable" in awarding fees for a discovery dispute). In this case, Plaintiff is not a party who has prevailed at trial or through

summary judgment. Plaintiff is a litigant whose attorneys had to undergo an unnecessary review of a massively overbroad production of email, and had to resort to motions practice to obtain the appropriate production. The purpose of the award of sanctions is to make Plaintiff whole for that effort. *See* Fed. R. Civ. P. 37(b)(2) (providing that for violation of a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure"). For that reason, there is no need to examine "the size of the proposed attorney's fee . . . award in comparison with the total damage award." *McDonnell v. Miller Oil Co.,* 134 F.3d 493, 506 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 349 (1996). There is also no need to stay the award of sanctions until the conclusion of the case. Compensation for inadequate discovery practices and for violation of a court order has no relationship to the size of any eventual judgment.

However, Fed. R. Civ. P. 37(b)(2)(C) requires only payment of "reasonable expenses." Plaintiff's six-figure request significantly exceeds a reasonable fee award for the limited tasks described in my order. In order to determine a reasonable fee, I used a lodestar analysis and multiplied a reasonable hourly rate by the number of reasonable hours expended. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (internal citations omitted). I also considered the twelve factors established in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted by the Fourth Circuit for determination of reasonable attorneys' fees. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978). As other courts have noted, many of the twelve *Johnson* factors are inapposite in connection with a sanctions award for a discovery dispute. *See, e.g., Nik*, 2012 WL 1344390 at *3-4; *Beyond Sys., Inc. v. World Avenue USA, LLC*, 2011 WL 2038545 at *1 (D. Md. May 24, 2011). In this case, I find that the most relevant *Johnson* factors are the time and labor expended, the novelty and difficulty of the

questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys. Those factors are addressed in the analysis below.

In establishing the appropriate hourly rates and the number of reasonable hours billed, I examined the billing statements attached as Exhibits A, B, C, D, and E to Plaintiff's fee petition. Each of those exhibits contained the billing entries for a specific category of work. I then modified those billing statements in keeping with Appendix B of the Local Rules, which sets forth the "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases," as follows. Local Rule App'x B (D. Md. 2011). Though this award is a sanction, and not attorneys' fees awarded to a prevailing party, I find that adherence to Appendix B of the Local Rules leads to a just determination of the award.

First, I adjusted many of the legal professionals' hourly rates to the guideline rates listed in the Local Rules.[1] Local R. App. B 3.a-d (D. Md. 2011). In using these rates, I rejected both parties' arguments for alternative rate structures. Defendants' argument that Prison Litigation Reform Act ("PLRA") rates should be used fails because the PLRA does not apply to sanctions awards. *Edwin G. v. Washington*, 2001 WL 196760 at *2 (C.D. Ill. Jan. 26, 2001); *see also Beckford v. Irvin*, 60 F. Supp. 2d 85, 88 (W.D.N.Y. 1999). Plaintiff's argument that market rates are appropriate is also unpersuasive. Many of the factors Plaintiff cites in support of the higher rates, including the undesirability of the case and the difficulty in forming a relationship with the

---

[1] I assigned rates of $95 per hour for work done by paralegals Kimberlee Buhrman and Pamela Prater, and by litigation support analyst Caroline Pollard. I assigned a rate of $150 per hour for work done by associate Paul Koob, who has one to two years of legal experience. I assigned a rate of $160 per hour for work done by associate Claire McLamore, who has two to three years of legal experience. I assigned a rate of $180 per hour for work done by associate Michelle McGeogh, who has four to five years of legal experience. I assigned a rate of $300 per hour for work done by partner Philip Yanella, who has fourteen to fifteen years of legal experience. I assigned a rate of $400 per hour for work done by partner Timothy McCormack, who has more than twenty-five years of legal experience.

Plaintiff, are factors that are not particularly applicable in a discovery dispute.[2] The discovery dispute presented here was not particularly unusual or complex. The case itself is not particularly unusual or complex. It is a single-plaintiff action under 42 U.S.C. 1983 alleging two specific incidents of alleged assault. Nothing about the case requires specialized skill or warrants increased rates. Plaintiff's attorneys and their law firm certainly have both excellent reputations and abilities. However, none of Plaintiff's attorneys have particular experience as plaintiff's counsel in § 1983 or prisoner's rights cases.

Next, I deleted duplicative billing entries and entries for which more than one attorney or paralegal billed time.[3] In those instances, I credited the time only to the most senior legal professional. Local R. App. B 2.d. I subsequently deleted all time entries relating to oppositions to Defendants' motions for extension of time, which were unnecessary and unsuccessful. Finally, I deleted all time entries by litigation support analysts, who appear to be administrative professionals and not attorneys or paralegals whose work is contemplated in Appendix B.[4] However, I did not delete all hours for Caroline Pollard, who was the litigation support analyst who attended and testified at the motions hearing.

---

[2] Most of what Plaintiff's counsel cites as the "undesirability" of the case stems from both parties' refusal, despite my repeated admonitions, to adhere to the requirements of civility and cooperation described in the Local Rules. A concerted effort from all counsel to treat one another with professionalism and respect would make this case far more desirable from all perspectives. Such an effort would also allow the parties, and me, to focus exclusively on the many legal issues raised.

[3] For example, on November 4, 2011, Claire McLamore, Michelle McGeogh, and Pamela Prater all billed at least 1.4 hours of time to an inter-office meeting regarding the Defendants' production of emails. [ECF No. 223 Exh. C.] Similarly, on April 25, 2012, Claire McLamore billed four hours for representing Plaintiff at a motions hearing while Timothy McCormack charged 4.5 hours for the same task. Id. [ECF No. 223 Exh. D.]

[4] The local rules do not contemplate awarding attorneys' fees for non-legal work such as the work done by litigation support analysts Hector Navarro, Joseph DeForest, Jason Perri, and Yam Yip. For example, Hector Navarro's time entries in Exhibit B of Plaintiff's fee petition include: "Bates label Defendant's e-mails," and "Follow-up on OCR process of documents; Restart OCR for folders that produced errors; Update working file." [ECF No. 223 Exhs. B & C.] Joseph DeForest's sole time entry is: "Per H. Navarro, processed specified documents and imported into Concordance database for review." [ECF No. 223 Exh. C.] Jason Perri's sole time entry is: "Monitoring EDD processing of PST file." Id. Yam Yip's only two time entries are "Identify documents without OCR text; submit documents through OCR process; import OCR text; re-index final production database," and "Export data and images and import into discovery document database for review before production." Id.

With those adjustments made, I award 100 percent of Exhibit B, the fees for the review of the June, 2011 production of emails. Those fees equal $5,792.00.

I award one-third of the adjusted Exhibit C fees for the preparation of the spoliation and sanctions motion, because that percentage represents a fair allocation of time and effort expended on the sanctions issue. The total Exhibit C award equals $8,444.70.

I award two-thirds of the adjusted Exhibit D fees for preparation for and attendance at the two-day motions hearing. Approximately one-third of the hearing's first day related to the sanctions issue. The hearing's second day was entirely related to the sanctions issue. The total Exhibit D award is, therefore, $12,125.52.

Plaintiff's Exhibits A and E require more significant cuts. In Exhibit A, Plaintiff seeks fees for a category of work not contemplated in my May 7, 2012 order. In describing the inadequacy of the billing statement included in Plaintiff's motion for sanctions, [ECF No. 92], I noted that:

> The statement of attorneys' fees in Plaintiff's Motion (pages 25-28) does not contain counsels' time spent reviewing the June, 2011 production. In addition, that statement *includes time entries that pre-date the May 31, 2011 Order*, and does not include time entries reflecting preparation for and attendance at the hearings on the instant Motion.

[ECF No. 204 at 18 n.11 (emphasis added)]. Despite this indication that entries pre-dating the May 31, 2011 Order would not be considered, Plaintiff's petition includes a request for $49,343.00 in such fees. [ECF No. 223 Exh. A.] In keeping with my May 7, 2012 Order, no award is granted to Plaintiff for the costs included in Exhibit A of the fee petition.

In Exhibit E, Plaintiff also seeks an award of $32,778.00 for preparation of the instant fee petition. [*Id*. Exh. E.] However, my May 7, 2012 order simply required a "statement of reasonable attorneys' fees and costs" and a "suggestion of an appropriate proportional recovery" for the motion for spoliation and sanctions. The requested submission would have required very

7

Case 1:08-cv-03106-WDQ   Document 253   Filed 07/25/12   Page 8 of 8

little non-administrative work. It would be unfair to shift the cost of Plaintiff's extensive, thirty-two page factual presentation and legal analysis to Defendants. For that reason, I award Exhibit E fees that represent eight hours of legal work at the rate assigned to Ms. McLamore and one hour of legal work at the rate assigned to Mr. McCormack. Those time allowances should have been sufficient to allow review of the billing statements for double billing and other issues, and to allow reasoned calculation of the appropriate proportional calculation for the motion and hearing. The total award for Exhibit E fees is $1,680.00.

### III.   Conclusion

For the foregoing reasons, a total sanction of $28,042.22 is imposed via a separate order entered with this memorandum opinion.

Dated: July 25, 2012               _____/s/_____
                                   Stephanie A. Gallagher
                                   United States Magistrate Judge

8